UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Jane Doe,<br>    *Plaintiff,*<br><br>    *v.*<br><br>The Norwich Roman Catholic Corporation,<br>St. Joseph's Church Corporation, Bishop Daniel<br>Reilly, and Monsignor Thomas Bride,<br>    *Defendants.* | Civil No. 3:08cv1922 (JBA)<br><br><br><br><br>January 15, 2009 |

**RULING DENYING PLAINTIFF'S MOTION TO REMAND**

Plaintiff Jane Doe initiated this action in Connecticut Superior Court on November 18, 2008. The complaint alleges various claims brought under the federal RICO statute and under Connecticut state law. The Defendants were served on December 3, 2008. On December 17, 2008, Defendants Norwich Roman Catholic Corp., Bishop Daniel Reilly, and Monsignor Thomas Bride removed the case to the District of Connecticut, asserting that the Court has original jurisdiction over Plaintiff's RICO claims and supplemental jurisdiction over her state-law claims. Defendant St. Joseph's Church Corp. joined in this notice of removal on December 29, 2008.

Plaintiff has moved to remand the case, arguing that "state courts maintain concurrent jurisdiction over RICO claims," that "the RICO claims are intermingled with numerous claims over which state law predominates," and that, in the alternative, the Court should sever the federal claims and remand the state claims only. (Pl.'s Mot. Remand [Doc. # 9] at 2–3.) Opposing remand, the Defendants contend that removal was proper because the state and federal claims are part of the same case or controversy, because the state claims do not predominate, and because remanding only the state claims would run contrary to

principles of judicial economy.

Plaintiff's arguments are without merit. Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over civil actions which arise under federal law. The supplemental-jurisdiction statute, 28 U.S.C. § 1367(a), in turn grants district courts jurisdiction over state-law claims which "form part of the same case or controversy" as the federal-law claims. Cases over which district courts have original jurisdiction but which are originally filed in state court are removable pursuant to 28 U.S.C. § 1441(a). Applying these principles to this case, the Court has federal-question jurisdiction over Plaintiff's RICO claims because she has pleaded violations of 18 U.S.C. § 1962. The facts underlying Plaintiff's RICO claims are inextricably tied up with the facts giving rise to the state-law claims—indeed, the complaint incorporates the state-law allegations by reference in the two RICO counts—and so the Court has supplemental jurisdiction over the non-federal claims because they are all part of the same case or controversy. Thus, removal was proper under § 1441(a).

As to Plaintiff's remaining grounds for remand, the Court does not have discretion to decline supplemental jurisdiction over the state-law claims because they neither "substantially predominate" over, nor are "separate and independent" from, the RICO claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 354 (1988); 28 U.S.C. §§ 1367(c)(3), 1441(c). With the federal- and state-law claims so closely related, the Court also may not sever and remand the state-law claims because doing so would not promote economy, convenience, fairness, or comity. *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004).

Finally, Plaintiff's argument that not all Defendants have joined in the notice for removal is now moot in light of the submission from St. Joseph's Church Corp. on

December 29, 2008. Thus, Plaintiff's basis for remand on the ground of lack of unanimity, *see Edelman v. Page*, 535 F. Supp. 2d 290, 292–93 (D. Conn. 2008), is not supported by the record in this case.

Accordingly, Plaintiff's Motion to Remand [Doc. # 9] is denied.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 15th day of January, 2009.